(Docket No. 7)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

|  |  |
|---|---|
| TARA BERKERY, et al., | : |
| Plaintiffs, | : |
| v. | : |
| AJAY K. MUNJAL, M.D., et al., | : |
| Defendants. | : |

Civil No.  05-3618 (RBK)

**O P I N I O N**

Plaintiffs Tara Berkery, et al., ("Plaintiffs") bring this Motion to Vacate this Court's

Order of August 2, 2005, dismissing the case without prejudice pursuant to Federal Rule of Civil

Procedure 12(h)(3), and to reinstate the action nunc pro tunc, and for leave to file and serve a

Second Amended Complaint. Defendant South Jersey Health Systems ("Defendant") opposes the

Motion. For the reasons which follow, Plaintiffs' Motion is **DENIED**.

**PROCURAL HISTORY**

On July 15, 2005, Eric D. Katz, Esq., of Nagel Rice Dreifuss & Mazie (now apparently

Nagel Rice & Mazie, LLP) filed the subject complaint, alleging "wrongful birth of decedent child

Kayla J. Gonzalez." Defendants allegedly failed to inform the child's parents, plaintiffs Tara

Berkery and Israel Gonzalez, that the child would suffer "significant medical complications and

defects." The child was born with these "significant complications and defects" and died on

August 15, 2004 (it is not clear from the complaint when she was born).

Plaintiffs claim diversity of citizenship with Defendants. By Order of August 2, 2005, this Court dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for failure to properly plead subject matter jurisdiction.

There followed numerous attempts to get that Order reversed. By letter of August 4, 2005, counsel for Plaintiffs notified the Court that the complaint had been filed "on the eve of the expiration of the statute of limitations," and requested the Court vacate the dismissal and reinstate the complaint nunc pro tunc. Counsel also electronically "filed" an Amended Complaint. Left unsaid was how counsel could file a pleading in a dismissed case before the Court vacated the Order. The Court denied Plaintiffs' request in a letter dated August 5, 2005, because the "Amended Complaint" still did not adequately allege diversity of citizenship.

By letter of August 23, 2005, Plaintiffs' counsel again attempted informally to have the matter reinstated. Counsel enclosed a "Second Amended Complaint and Jury Demand" together with an "Order Vacating Order of Dismissal Without Prejudice and Reinstating Action Nunc Pro Tunc." As the allegations of diversity were still insufficient, the Court declined to enter the Order and, by letter of August 24, 2005, addressed counsel: "You seem to want me to advise you how to properly proceed in this court. I hope you understand that I cannot do so."

Trying once again, Plaintiffs' counsel wrote the Court on September 8, 2005, enclosing a "revised Second Amended Complaint" and "Order Vacating Dismissal Without Prejudice and Reinstating Action Nunc Pro Tunc." Counsel devoted a considerable portion of this letter to an irrelevant argument about who the real plaintiffs are (the parents and not the decedent or her estate) and requested a "conference to address this matter." As Plaintiffs were the only "party" entering an appearance in this matter, it is not clear who this conference would be with and why it would not be ex parte.

Then, by letter of October 19, 2005, counsel reiterated his request for a conference and sought a response to the September 8, 2005, letter. Mr. Katz further informed the Court that "[t]he parties have proceeded with discovery and plaintiffs have timely served an Affidavit of

Merit." In a response dated October 21, 2005, the Court requested an end to the correspondence and directed counsel to file a formal motion. The request for a conference was denied.

Plaintiffs filed this Motion on November 2, 2005, supported by a Notice of Motion, a "letter brief" by Eric D. Katz, Esq., and a "Document Identifying Certification [sic] of Eric D. Katz." Susan E. Roberts, Esq., of Grossman, Kruttschnitt & Heavey, counsel for South Jersey Health Systems, filed a four page letter dated November 10, 2005, opposing Plaintiffs' Motion. Her entire point seems to be that Plaintiffs should have filed in state court, rather than federal court. Mr. Katz filed a two page letter dated November 21, 2005, in reply.

## DISCUSSION

Plaintiffs' arguments about the "statute of limitations" are irrelevant. This Court takes no position on any such defense as it has not been raised as yet. And should counsel's fears prove accurate, Plaintiffs will have a remedy.

Plaintiffs' other arguments are equally unavailing. Federal courts are courts of limited jurisdiction. Hodgson v. Bowerbank, 9 U.S. (5 Cranch) 303 (1809). For over 200 years it has been settled that "the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction, unless the contrary appears." Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 7, 11 (1799), McSparran v. Weist, 402 F.2d 867, 876 (3d Cir. 1968) cert. denied sub nom; Fritzinger v. Weist, 395 U.S. 903 (1969) ("[W]hen inquiry involves the jurisdiction of a federal court the presumption in every stage of a case [is] . . . . that it is without the jurisdiction of a court of the United States . . . . This is particularly true in diversity.").

Thus, all the elements of diversity jurisdiction must be alleged in the pleadings. Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir. 1994) (holding that it is not enough for plaintiff to merely allege diversity, the complaint must allege the citizenship of the parties and the amount in controversy). Additionally, jurisdiction cannot be conferred by the consent of the parties. Wisconsin Dept. of Corr, v. Schacht, 524 U.S. 381 (1998). Nor can this requirement be

waived by inaction, Id., or avoided through waiver or estoppel, Amco Constr. Co. v. Mississippi State Bldg. Comm., 602 F.2d 730, 733-34 (5th Cir. 1979). Most importantly, the court has an independent duty to determine on its own whether diversity of citizenship exists. Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254 (3d Cir. 1977) (district court properly raised subject matter jurisdiction sua sponte); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (emphasis supplied).

Diversity jurisdiction is governed by 28 USC §1332(a): "The district courts shall have original jurisdiction  of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between (1) citizens of different states." Here the original complaint never alleges the citizenship of any party, including the Plaintiffs, but stated only their residence. However, allegations of "mere residency in a state is insufficient for purposes of diversity." Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972). The Amended Complaint also alleged residency, not citizenship. The two proposed Second Amended Complaints improved the situation by alleging citizenship. However, they failed to adequately allege the citizenship of the listed defendant, Alliance Radiology Associates, LLC.

Limited liability companies have legal characteristics of both partnerships and corporations. Accordingly, it is well settled that the citizenship of each and every member, owner, or shareholder must be alleged. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Handelsman v. Bedford Village Assoc., 213 F.3d 48, 51-52 (2d Cir. 2000); Belleville Catering Co. v. Champaign Marketplace, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004); Rolling Greens MHP, LP v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); General Tech. Applications, Inc., v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004).

Plaintiffs have not alleged the citizenship of all members, owners, and shareholders of Alliance Radiology Associates, LLC. Consequently, though 28 U.S.C. §1653 would normally

permit an amendment to cure a defective allegation of jurisdiction where diversity clearly exists, McCurdy v. Greyhound Corp., 346 F.2d 224 (3d Cir. 1965), here it is still not clear from the proposed amendment that there is complete diversity of citizenship. And where there is no indication that diversity actually exists, particularly where as here, Plaintiffs have had more than one opportunity to cure the defect, the Court may deny the motion to amend. McGovern v. American Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975), rehearing denied 514 F.2d 1072 (5th Cir. 1975).

Accordingly, Plaintiffs' motion to vacate and reinstate the action nunc pro tunc is **denied**. Plaintiffs' motion to file and serve a Second Amended Complaint is **denied**. Because the Plaintiffs electronically filed an Amended Complaint in a matter that had been dismissed, the Amended Complaint is **dismissed**. The accompanying Order shall issue today.


Date:   December 2, 2005                    s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge